IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| TAFFALENA LEANN HARVILL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00011-O-BP |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Taffalena Leann Harvill ("Harvill") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

I.  **STATEMENT OF THE CASE**

Harvill was born on June 2, 1993 and has at least a high school education. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 13-1 at 25. She does not have past relevant work. *Id.* She asserts that a combination of impairments renders her disabled under the SSA. ECF No. 1 at 2; *see* ECF No. 17. On October 15, 2002, Harvill's mother, Lisa Mae Howeth, filed an application for SSI childhood disability benefits on Harvill's behalf. *See* Tr. 89, 108, 130. The Disability Determination Services ("DDS") determined that Harvill was disabled as of October 1, 2002, and

she began receiving SSI benefits. Tr. 89. Pursuant to 20 C.F.R. § 416.987, the DDS conducted a redetermination once Harvill turned eighteen, and on September 12, 2011, it notified Harvill that she was not disabled under the adult disability standards. Tr. 89, 136, 142. Her eligibility for SSI benefits ended on September 30, 2011, and a Disability Hearing Officer affirmed the DDS's redetermination decision on July 26, 2012. Tr. 89, 149.

Following a September 10, 2013 hearing held before Administrative Law Judge ("ALJ") Dan Dane, the ALJ issued a decision on November 14, 2013, finding that Harvill's disability ended on September 30, 2011. Tr. 89, 97. The Appeals Council remanded the case to an ALJ on December 2, 2014. Tr. 101. On December 2, 2015 and January 20, 2016, ALJ Dane held two more hearings. Tr. 55, 65. Because of ALJ Dane's death, ALJ William H. Helsper issued a decision on April 27, 2016, finding that Harvill was not disabled and that her disability ended on September 30, 2011. Tr. 109, 119. On February 24, 2017, the Appeals Council again remanded the case to an ALJ. Tr. 124. On November 27, 2017, ALJ Carol Bowen held an administrative hearing in Fort Worth, Texas. Tr. 33. The ALJ issued her decision on April 2, 2018, finding that Harvill was not disabled. Tr. 27.

In the decision, the ALJ employed the statutory five-step analysis. Step one does not apply to redetermining disability at age eighteen. Tr. 15. At step two, the ALJ determined that Harvill had the severe impairments of knee pain/patellofemoral syndrome, intellectual disability/borderline intellectual functioning, learning disability, and bipolar II disorder. Tr. 16. She found that Harvill had a mild limitation in interacting with others. Tr. 18. She also determined that Harvill had moderate limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing herself. *Id.* At step three, the ALJ found that Harvill's impairments did not meet or medically equal the severity of one of

the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. She found that since September 1, 2011, Harvill has had

> the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 416.967(c) except she must avoid concentrated temperature extremes of heat/cold, and concentrated exposure to chemicals and other irritants, such as fumes, odors, dust, gases or poorly ventilated areas. She is capable of the basic mental demands of competitive unskilled work because she has the abilities (on a sustained basis) to understand, remember, and carry out simple instructions; make simple work-related decisions; attend and concentrate for extended periods; and respond appropriately to supervision, coworkers and usual work situations in a routine work setting. Using appendix C in the general education development scale, she is limited to occupations with reasoning levels 1 and 2, and academically, has a third grade math ability and a fourth grade language ability.

Tr. 20. At step four, the ALJ found that Harvill had no past relevant work. Tr. 25. At step five, the ALJ found that Harvill could perform jobs that existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. Tr. 26–27.

The Appeals Council denied review on November 26, 2018. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

Harvill raises two issues on appeal. She claims that (1) the ALJ's RFC finding is not supported by substantial evidence in the record and (2) the ALJ erred by failing to find whether Harvill could maintain employment. ECF No. 17 at 4.

**A.   Substantial evidence supports the ALJ's RFC finding.**

Harvill argues that the ALJ erred by finding that Harvill could perform "the basic mental demands of competitive unskilled work." ECF No. 17 at 14–15. Specifically, she argues that "Harvill's demonstrated work capabilities contradict the ALJ's finding that Harvill could attend and concentrate for extended periods, and meet the mental demands of competitive work." *Id.* at 16. Harvill asserts that the ALJ's RFC finding is inconsistent with the reported limitations in

Harvill's daily activities, her history of deficient educational and occupational functioning, and the MCMI-IV profile reported by Dr. Bates. *Id.* at 21–22.

The Commissioner responds that the ALJ acknowledged Harvill's subjective allegations and symptoms and considered the objective medical evidence and Harvill's daily activities. ECF No. 20 at 9, 12. He further asserts that the ALJ's RFC finding accounted for objective evidence as well as reports of Harvill's difficulty reading and understanding instructions. *Id.* at 14. In addition, the Commissioner argues that the ALJ properly assigned little weight to Dr. Bates's opinion after considering the evidence as a whole, in part because Dr. Bates's opinion was inconsistent with the other doctors' opinions. *Id.* at 16. The Commissioner also contends that the vocational expert's testimony supports the ALJ's decision. *Id.* at 18–19.

By definition, a claimant's RFC is the most the claimant can still do despite the claimant's impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2020). The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-cv-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 404.1545.

In determining a claimant's physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions.

*Id.* § 404.1545(b). In determining the claimant's mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* § 404.1545(c). The ALJ uses what is known as the "paragraph B criteria" to rate the degree of the claimant's mental limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a; *see id.* Part 404, Subpart P, Appendix 1. Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. *Id.* § 404.1545(d). The Court's review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Hollis*, 837 F.2d at 1382; *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

Here, the ALJ's opinion reflects that she applied the correct legal standards by identifying Harvill's functional limitations and assessing her work-related abilities on a function-by-function basis. *See* Tr. 16–25. The ALJ's opinion also makes clear that substantial evidence in the record as a whole supports the RFC decision. Harvill's brief discusses evaluations by Dr. Taylor, Dr. Howell, Dr. Bridgewater, Dr. Panjwani, Dr. Hay, and Dr. Bates. ECF No. 17 at 6–8, 22. Her brief also recounts her hearing testimony about her symptoms and work history, VE testimony, her educational background and abilities, her inability to maintain employment, and her difficulties with performing everyday activities. *Id.* at 8–12, 15–17, 21. The ALJ properly noted the foregoing evidence and clearly identified Harvill's functional limitations. *See* Tr. at 16–25. The ALJ

considered the medical evidence as a whole and determined that it was inconsistent with Harvill's statements concerning the intensity, persistence, and limiting effects of her symptoms. *Id.*

Harvill has not shown that no credible evidentiary choices or medical findings support the ALJ's RFC finding. Although Harvill argues that other evidence in the record supports her assertion that she is not capable of the basic mental demands of competitive unskilled work, her "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Caldwell v. Colvin*, No. 4:15-cv-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *rec. adopted,* No. 4:15-cv-00576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016); *see, e.g.*, ECF No. 17 at 20–22. Harvill's disagreement with the ALJ's RFC finding does not carry her burden of establishing that no substantial evidence supports the ALJ's determination. As a result, reversal of the ALJ's opinion is not required on this point.

### B. The ALJ did not err in failing to determine whether Harvill could maintain employment.

Harvill argues that the ALJ erred in not determining whether she could maintain employment for a significant period of time. ECF No. 17 at 22. "A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002) (internal punctuation and quotation marks omitted) (citation omitted). Nevertheless, the ALJ is not required to make a "finding regarding the claimant's ability to maintain employment in every case." *Heck v. Colvin*, 674 F. App'x 411, 416 (5th Cir. 2017) (citation and internal quotation marks omitted). A separate finding on a claimant's ability to maintain work is only required when the claimant's ailment "waxes and

wanes in its manifestation of disabling symptoms." *Crainey v. Astrue*, No. 4:11-cv-613-A, 2012 WL 5846406, at *6 (N.D. Tex. Nov. 1, 2012). Further, "in order to support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time." *Johnson v. Colvin*, No. 3:14-cv-04213-G, 2016 WL 791291, at *4 (N.D. Tex. Feb. 8, 2016), *rec. adopted*, No. 3:14-cv-4213-G (BK), 2016 WL 775675 (N.D. Tex. Feb. 29, 2016) (quoting *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003)) (internal quotation marks omitted).

"Inherent in the definition of RFC is the understanding that the claimant has an ability to work on a sustained basis." *Id.* (citing *Dunbar v. Barnhart,* 330 F.3d 670, 671 (5th Cir. 2003)). Unless the claimant's ailment waxes and wanes, the RFC finding encompasses a determination that the claimant can maintain work. *Id.* Evidence that a claimant's symptoms wax and wane could include, for example, a claimant's statements that "her degenerative disc disease prevented her from maintaining employment because every number of weeks she lost movement in her legs." *Id.* (quoting *Frank*, 326 F.3d at 619) (internal quotation marks omitted). Conversely, a claimant's testimony that her back pain caused her to have good days and bad days would not be sufficient to show waxing and waning symptoms. *Id.*

Here, Harvill argues that she has a history of being unable to "successfully perform or maintain employment at any level" and that she missed twenty-eight days of school during her junior year, a level of absence that an employer would not tolerate. ECF No. 17 at 23. She fails to show, however, that her disabling symptoms waxed and waned in such a way that would prevent her from holding a job for a significant period of time. The ALJ analyzed Harvill's symptoms and concluded that she could understand, remember, and carry out simple instructions; attend and concentrate for extended periods; and respond appropriately to usual work situations. Tr. 20. As

9

explained above, the ALJ considered the evidence in the record as a whole and determined that Harvill is capable of maintaining employment.

Because Harvill's symptoms appear to be fairly consistent and do not wax and wane, the ALJ was not required to make a separate finding that Harvill could maintain a job for a significant period. Accordingly, the undersigned concludes that the ALJ's RFC determination encompassed the necessary finding, and the ALJ did not err as to this issue.

### IV.  CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence in the record supports her decision, and Harvill has failed to show that reversal of the decision is required, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on **February 26, 2020**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE